1  Amy Todd-Gher, Bar No. 208581
   atodd-gher@littler.com
2  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
3  San Diego, California  92101.3577
   Telephone:  619.232.0441
4  Fax No.:      619.232.4302

5  Attorneys for Defendant
   HENLEY PACIFIC LLC

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 JAVIER MORA on behalf of himself        Case No.
   and all others similarly situated,
12                                          (removed from Merced Superior Court
              Plaintiff,                     Case No. 22CV-00809)
13
        v.
14
   HENLEY PACIFIC, LLC, a Delaware         **DEFENDANT'S NOTICE TO**
15 corporation; and DOES 1 through 50,     **FEDERAL COURT OF REMOVAL**
   inclusive,                              **OF CIVIL ACTION PURSUANT TO**
16                                          **28 U.S.C. §§ 1332, 1441, AND 1446**
              Defendants.
17                                          Complaint Filed: March 16, 2022

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant HENLEY PACIFIC, LLC ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of Merced, to the United States District Court, Eastern District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I.     JURISDICTION AND VENUE ARE PROPER

1.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

2.     This employment action was filed in the Superior Court of California for the County of Merced.  Accordingly, venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 84(b), 1391, and 1446.

## II.     PLEADINGS, PROCESS, AND ORDERS

3.     On March 16, 2022, Plaintiff filed a complaint in the Superior Court for the County of Merced entitled JAVIER MORA on behalf of himself and all others similarly situated v. HENLEY PACIFIC, LLC; and DOES 1-50, inclusive, Case No. 22CV-00809.  (Declaration of Amy Todd-Gher in Support of Notice of Removal to

Federal Court ["Todd-Gher Decl."], ¶ 2.)  The Complaint alleges the following causes of action: (1) Failure to Pay Lawful Wages; (2) Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof; (3) Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof; (4) Failure to Pay Employee Expenses; (5) Failure to Timely Pay Wages During Employment; (6) Failure to Timely Pay Wages at Termination; (7) Failure to Provide Accurate, Itemized Wage Statements; and (8) Violation of Unfair Competition Law  The allegations of the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

4.      Defendant was served on April 11, 2022, with the Complaint.  Attached as Exhibit A is a true and correct copy of the Complaint filed in Merced County Superior Court and served by Plaintiff through CSC.  (Todd-Gher Decl., ¶ 3.)

5.      Attached hereto as Exhibit B are the remaining documents either served with the complaint or as reflected in the Merced County Superior Court website, including the Summons, Civil Case Cover Sheet, Notice of Case Management Conference/Notice of Inclusion in Delay Reductio Program, Order: Assignment for All Purposes and Proof of Service by Mail,  (Todd-Gher Decl., ¶ 4.)

6.      On May 11, 2022, Defendant filed an Answer in the Merced County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as Exhibit C is a true and correct copy of Defendant's Answer.  (Todd-Gher Decl., ¶ 5.)

7.      To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Merced County Superior Court or served by any party other than as described above.  To Defendant's knowledge, no proceedings related hereto have been heard in Merced County Superior Court.  (Todd-Gher Decl., ¶ 6.)

/ / /

/ / /

/ / /

/ / /

## III.    TIMELINESS OF REMOVAL

### A.    Notice Of Removal To Adverse Party And State Court

8.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Merced. (Todd-Gher Decl., ¶ 7.)

## IV.    CAFA JURISDICTION

9.    CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.[1] See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A.    Plaintiff Filed a Class Action Under State Law

10.    Plaintiff filed their action as a class action based on alleged violations of California state law. Complaint, ¶¶ 1-6.

### B.    The Proposed Class Contains at Least 100 Members

11.    Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

12.    Plaintiff filed this action on behalf of "all employees no classified as 'exempt' or primarily employed in executive, professional, or administrative capacities,

---

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only.  Defendant expressly denies that Plaintiff is entitled to any relief whatsoever.  Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

Notice of Removal

employed by, or formerly employed by HENLEY PACIFIC in California." Complaint, ¶ 1. Plaintiff seeks to represent "Class Members" comprised of "All employees wo are or were employed by HENELY PACIFIC in the state of California as hourly non-exempt employees within four (4) years prior to the date this lawsuit is filed." Complaint, ¶ 21.

13.    Between January 1, 2018, and May 6, 2022, Defendant has employed an average of 1,486 hourly employees in California *per year*, and currently employs 1,736 individuals. Accordingly, there are well over 100 putative class members in this case.

## C.    Defendant Is Not a Governmental Entity

14.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary Defendant are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

15.    Defendant is a Limited Liability Company, not a state, state official, or other government entity exempt from CAFA.

## D.    There Is Diversity Between at Least One Class Member and Defendant

16.    "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

17.    CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. See *Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

18.    For diversity purposes, a person is a "citizen" of the state in which she is domiciled. See *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983); see also *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

### 1.    Plaintiff is a Citizen of California

19.    According to the Complaint, Plaintiff "is a citizen and resident of the State of California."  Complaint, ¶ 8.

### 2.    Henley Pacific, LLC is a Citizen of Massachusetts

20.    For diversity purposes, a limited liability company is deemed to be a citizen of every state of which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("An LLC is a citizen of every state of which its owners/members are citizens.").

21.    Henley Pacific LLC is a limited liability company organized under the laws of the Delaware. At the time Plaintiff commenced this action and at the time of removal, Defendant had one member, who is a citizen of Massachusetts.  (*See* Todd-Gher Decl., ¶ 8, Exh. 1 [Statement of Information filed with the California Secretary of State confirming Henley Pacific LLC is organized in Delaware and has its principal place of business in Newton Highlands, Massachusetts and listing the address of the sole member in Massachusetts].)  None of the specified members reside in the State of

California.    Accordingly, for purposes of diversity jurisdiction, Henley Pacific LLC is a citizen of the Commonwealth of Massachusetts, and not a citizen of the State of California.

22.    The presence of Doe Defendant in this case has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of Defendant sued under fictitious names shall be disregarded.").

23.    Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Massachusetts), and diversity exists for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Amount in Controversy Exceeds $5,000,000**

24.    This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

25.    The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

26.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only,

however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000. See *Lewis v. Verizon Communs.*, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

27.    For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the plaintiff will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, Defendant is still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

28.    Plaintiff filed his Complaint on March 16, 2022, and he alleges a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, et seq. Complaint, ¶¶ 64-70. Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class's meal and rest period claims as well as the overtime and minimum wage claims from three to four years from the filing of the Complaint, which in this case extends the statute of limitations to March 16 2018. See Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

*Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

29.    As noted above, Defendant has employed an average of 1486 non-exempt employees *each year* in California.

### 1.    Amount In Controversy—Plaintiff's Claim For Unpaid Wages

30.    In his First Cause of Action, Plaintiff alleges that Defendant's "policies and/or practices resulted in Plaintiff and Non-Exempt Employees not receiving minimum wages for time spent working off the clock" including "minimum wage and overtime compensation." Complaint, ¶¶ 34-35.

31.    California law requires employers to pay employees for all time worked. In addition, California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a).

32.    For purposes of removal only, based on a preliminary review of Defendant's records, the average hourly rate for non-exempt employees during the class period (2018 to present) is $17.40/hour.

33.    Using a conservative estimates of just one (1) hour of unpaid wages per work week at the employees' regular (not overtime) rate, the amount in controversy for the unpaid wage claim totals more than **$5,584,982.40** (at least 1,486 employees/putative class members * 1 hour per workweek * 216 work weeks between March 16, 2018 and May 6, 2022* $17.40 = $**5,584,982.40**).[2] *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17-867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun.

---

[2] Using the $11.00 minimum wage applicable in 2018, this claim totals $3,530,736 (at least 1,486 employees * 1 hour per workweek * 216 work weeks * $11= $3,530,736)

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal

22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's asspumptions were  based on the allegations in the complaint that defendant "engaged in a pattern and practice" of wage abuse); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week);  *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be  expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").  **This claim alone meets the amount in controversy**.

### 2.    Amount in Controversy—Plaintiff's Meal Break Claim

34.    In her Second Cause of Action, Plaintiff alleges that during the relevant time Defendant failed "to provide 30 minute uninterrupted meal periods" and failed to "provide compensation for such statutorily non-compliant meal periods."  Complaint ¶ 39. Plaintiff seeks additional compensation for each workday that a meal period was not provided or noncompliant. Complaint, ¶ 40.

35.    California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided. Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

36.    For purposes of establishing the amount in controversy at removal, Defendant need not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the

amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, \*8 (N.D. Cal. Dec. 31, 2020).

37.    Plaintiff's Complaint alleges that putative Class Members "did not receive" compliant meal periods "due to workload requirements and time constraints" and that Defendants had "practice and policy" that violated California laws which supports a conservative assumption of one (1) missed meal period per workweek. *See* Complaint ¶¶ 2, 14, 38-40; *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at \*5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL 2333528, at \*5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch").

38.    Using a conservative estimate of one (1) missed meal period per workweek, and using the average pay, the amount in controversy for the missed meal period claim totals another $**5,584,982.40** (1,486 employees/putative class members \* 1 hour per workweek \* 216 work weeks between March 16, 2018 and May 6, 2022\* $17.40 = $**5,584,982.40**).[3]

---

[3] Likewise, using the $11.00 minimum wage applicable in 2018, this claim totals $3,530,736 (at least 1,486 employees \* 1 hour per workweek \* 216 work weeks \* $11= $3,530,736)

### 3.    Amount in Controversy—Plaintiff's Rest Break Claim

39.    In his Third Cause of Action, Plaintiff alleges Defendant failed "to provide a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof" and failed to "provide compensation for such statutorily non-compliant meal periods." Complaint ¶ 43. Plaintiff seeks additional compensation for each workday that a meal period was not provided or noncompliant. Complaint, ¶ 44.

40.    California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a rest period was not provided. Cal. Lab. Code § 226.7.

41.    Using a conservative estimate of one (1) missed rest break per workweek, and using the average pay, the amount in controversy for the missed meal period claim totals another **$5,584,982.40** (1,486 employees/putative class members * 1 hour per workweek * 216 work weeks between March 16, 2018 and May 6, 2022* $17.40 = **$5,584,982.40**).

### 4.    Amount in Controversy— Failure to Pay All Wages Due Upon Separation Of Employment

42.    In his Sixth Cause of Action, Plaintiff alleges that "affected class members are entitled to compensation for all forms of wages earned, including, overtime compensation, minimum wage, correct sick pay wages and compensation for non-provided rest and meal periods but to date have not received such compensation" and that "as a consequence of Defendant's willful conduct in not paying all earned wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages." Complaint, ¶ 57.

43.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. The statute of limitations on a claim

for waiting time penalties is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.").

44.    Upon information and belief, between March 16, 2019 and the present, 4,112 employees have concluded their employment. Defendant's hourly employees typically work at least 7.5 hours a day, with managers working approximately 10 hours a day.  For purposes of removal only, and using the most conservative numbers, 7.5 hours per day at $12.00 per hour (the California minimum wage in 2019), Defendant estimates that this claim is worth at least **$11,102,400** (4112 employees * 7.5 hours a day * $12.00 average hourly* 30 days=$11,102,400).

### 5.    Amount in Controversy—Plaintiff's Claim for Inaccurate Wage Statements

45.    In his Seventh Cause of Action, Plaintiff alleges on information and belief that Defendant "Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code § 226(a)" on wage statements that were provided to Plaintiff and Class Members. Complaint, ¶ 60. Plaintiff further alleges "Plaintiff and Class Members have been injured by Defendant's actions ." Complaint, ¶ 61.

46.    Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

47.    Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, and using a conservative estimate that Defendant

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

has employed *at least* 500 non-exempt employees each week (on information and belief, Defendant averages approximately 1500 active employees at any given time) since May 2021 and that employees are paid biweekly, there are approximately 26 weeks in the relevant period, as such each employee's wage statement damages would total $2,550 ([$50 * 1] + [$100 * 25]). The total amount in controversy for Plaintiff's wage statement penalty claim is at least **$1,275,000** (500 employees * $2,550 average penalty per employee = $1,275,000).

> **6.**    **Amount in Controversy—Plaintiff's Claim for Attorneys' Fees**

48.    Finally, Plaintiff seeks attorneys' fees and costs in his Complaint. Complaint, Prayer for Relief ¶ 6. Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

49.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g., McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage

method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

50.    The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

51.    Based on the above, the amount in controversy for Plaintiff's claims for off the clock work (at straight time not overtime), meal period premiums, rest break premiums, wage statement penalties and final pay is conservatively **$29,132,347.20**. This subtotal well exceeds $5,000,000 absent any inclusion of attorneys' fees. However, taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by **$4,996,861.75**. for a total amount in controversy of **$36,415,434.00**.

## V.    SUMMARY

52.    As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for unpaid overtime, meal period premiums, rest break premiums, failure to pay wages at time of termination, wage statement penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million using reasonable averages and even when using the 2018 California minimum wage of $11.00/hr, and without taking into consideration Plaintiff's Labor Code section 204 (Timely Pay) and 2802 (Expense Reimbursement) claims. *See* 28 U.S.C. § 1332(d)(2).

| | Plaintiff's Alleged Claim | Amount in Controversy Conservative Estimate | Using 2018 $11.00/Hr Minimum Wage where applicable |
|---|---|---|---|
| 1. | Unpaid Wages | $5,584,982.40 | $3,530,736 |
| 2. | Meal Period Premiums | $5,584,982.40 | $3,530,736 |

| 3. | Rest Period Premiums | $5,584,982.40 | $3,530,736 |
|---|---|---|---|
| 4. | Expense Reimbursement | Not Calculated | |
| 5. | Untimely Pay | Not Calculated | |
| 6. | Final Pay | $11,102,400 | |
| 7. | Inaccurate Wage Statements | $1,275,000 | |
| 8. | Attorneys' Fees | $7,283,086.80 | $5,742,402 |
| | **Total Amount in Controversy** | **$36,415,434.00** | **$28,712,010** |

53.     Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

54.     WHERFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Merced, to the United States District Court for the Eastern District of California.

Dated:  May 11, 2022

                                 LITTLER MENDELSON, P.C.


                                 /s/ *Amy Todd-Gher*
                                 Amy Todd-Gher
                                 Attorneys for Defendant
                                 HENLEY PACIFIC LLC

4865-9394-3071.1 / 091228-1039

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

Notice of Removal

# EXHIBIT  A

| | |
|---|---|
| **From:** | sop <sop@cscinfo.com> |
| **Sent:** | Wednesday, April 13, 2022 10:42 AM |
| **To:** | LegalDept |
| **Subject:** | Notice of Service of Process - Transmittal Number: 24763197 |



**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 24763197**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

---

| | |
|---|---|
| **Entity:** | Henley Pacific LLC |
| **Entity I.D. Number:** | 2999046 |
| **Entity Served:** | Henley Pacific LLC |
| **Title of Action:** | Javier Mora vs. Henley Pacific LLC |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Merced County Superior Court, California |
| **Case/Reference No:** | 22CV-00809 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/11/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
James Hawkins Aplc
949-387-7200

---

**Primary Contact:**
████████████
Henley Enterprises, Inc.

1

Notice of Removal

**Electronic copy provided to:**

██████████████ (Legal)

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882  |  sop@cscglobal.com**

Notice of Removal

This e-copy is the official court record (GC68150)

1  James R. Hawkins, Esq. SBN 192925
   Isandra Fernandez, Esq. SBN 220482
2  Kacey E. Cook, Esq. SBN 337905
   **JAMES HAWKINS APLC**
3  9880 Research Drive, Suite 200
   Irvine, CA 92618
4  TEL: (949) 387-7200
   FAX: (949) 387-6676
5
6  Attorneys for Plaintiff, JAVIER MORA
   on behalf of himself and all others similarly situated
7

ELECTRONICALLY FILED
Merced Superior Court
3/16/2022 2:25 PM
Amanda Toste
Clerk of the Superior Court
By: Nengsy Moua, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF MERCED
9
                                                22CV-00809
10  JAVIER MORA on behalf of himself and all    Case No.
    others similarly situated                   ASSIGNED FOR ALL PURPOSES TO:
11                                              JUDGE:
                                                DEPT:
12        Plaintiff,

13  vs.                                         **CLASS ACTION COMPLAINT**

14  HENLEY PACIFIC LLC, a Delaware              1) **Failure to Pay Lawful Wages**
15  corporation; and DOES 1 through 50, inclusive,  2) **Failure to Provide Lawful Meal**
                                                   **Periods or Compensation in Lieu**
16        Defendants.                              **Thereof**
                                                3) **Failure to Provide Lawful Rest**
17                                                 **Periods or Compensation in Lieu**
                                                   **Thereof**
18                                              4) **Failure to Pay Employee Expenses**
19                                              5) **Failure to Timely Pay Wages During**
                                                   **Employment**
20                                              6) **Failure to Timely Pay Wages at**
                                                   **Termination**
21                                              7) **Failure to Provide Accurate, Itemized**
                                                   **Wage Statements**
22                                              8) **Violations of the Unfair Competition**
                                                   **Law**
23
24                                              **JURY TRIAL DEMANDED**
25
26
27
28

                                    - 1 -
                             CLASS COMPLAINT

                                                Notice of Removal

1  Plaintiff JAVIER MORA on behalf of himself and all others similarly situated assert claims

2  against Defendants HENLEY PACIFIC LLC, and DOES 1 through 50, inclusive (hereinafter

3  collectively referred to as "Defendants") as follows:

4                                               **I.**

5                                   **INTRODUCTION**

6        1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, brought

7  against Defendants HENLEY PACIFIC LLC and any subsidiaries and affiliated companies

8  (hereinafter "HENLEY PACIFIC" or "Defendants") on behalf of Plaintiff JAVIER MORA

9  (hereinafter "Plaintiff") and all employees not classified as "Exempt" or primarily employed in

10  executive, professional, or administrative capacities, employed by, or formerly employed by

11  HENLEY PACIFIC in California. (hereinafter referred to as "Non-Exempt Employees" and/or

12  "Class Members").

13       2.      During the liability period, defined as the applicable statute of limitations for each

14  and every cause of action contained herein, Defendants enforced shift schedules, employment

15  policies and practices, and workload requirements wherein Plaintiff and all other Non-Exempt

16  Employees: (1) were not paid proper wages they earned for all hours they worked including

17  proper minimum, bonus, and overtime compensation; (2) were not permitted to take their full

18  statutorily authorized rest and meal periods, or had their rest and meal periods shortened or

19  provided to them late due to the scheduling and work load and time requirements placed upon

20  them by Defendants. Defendants failed to pay such employees one (1) hour of pay at the

21  employees regular rate of compensation for each workday that the meal period and/or rest period

22  that was not properly provided; and employees were not properly reimbursed for out-of-pocket

23  expenses.

24       3.      During the liability period, Defendants have failed to reimburse Class Members

25  for business expenses incurred in the performance of their job duties.

26       4.      During the liability period, Defendants have also failed to maintain accurate

27  itemized records reflecting total hours worked and have failed to provide Non Exempt

28

                                        - 2 -
                                  CLASS COMPLAINT

                                                              Notice of Removal

1    employees with accurate, itemized wage statements reflecting total hours worked and appropriate
2    rates of pay for those hours worked.

3        5.      Plaintiff, on behalf of himself and all Class Members, brings this action pursuant
4    to Labor Code sections 201, 202, 203, 204, 210, 221, 225, 226, 226.7, 510, 512, 1194, 1198,
5    1199, 2802, California Code of Regulations, Title 8, section 11010 *et seq.* and any other
6    applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid lawful wages,
7    unpaid rest and meal period compensation, penalties and other equitable relief, and reasonable
8    attorneys' fees and costs.

9        6.      Plaintiff, on behalf of himself and others similarly situated, pursuant to Business
10   and Professions Code sections 17200-17208, also seeks restitution from Defendants for their
11   failure to pay all overtime wages and rest and meal period premiums to each of their Non-
12   Exempt Employees.

13                                           **II.**
14                                         **VENUE**

15       7.      Venue as to each Defendant is proper in this judicial district pursuant to Code of
16   Civil Procedure section 395. Defendant conducts substantial and continuous commercial
17   activities in Merced County, California and each Defendant is within the jurisdiction of this
18   Court for service of process purposes. Defendants employ numerous Class Members in Merced
19   County, California.

20                                          **III.**
21                                       **PARTIES**

22       8.      Plaintiff is, and at all times mentioned in this complaint was, a resident of
23   California.

24       9.      Defendant HENLEY PACIFIC is a California corporation which is headquartered
25   in Paramount, California.

26       10.     The true names and capacities of Defendants, whether individual, corporate,
27   associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to
28   Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure

- 3 -
CLASS COMPLAINT

Notice of Removal

1  section 474. Plaintiff is informed and believes, and based thereon alleges that each of the

2  Defendants designated herein as a DOE is legally responsible in some manner for the unlawful

3  acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the

4  true names and capacities of the Defendants designated hereinafter as DOES when such

5  identities become known.

6      11.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

8  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

9  Defendant are legally attributable to the other Defendants.

10                                   **IV.**

11                          **FACTUAL BACKGROUND**

12      12.    Plaintiff was employed by HENLEY PACIFIC from approximately December

13  2020 through on or about March 17, 2021. During his employment with Defendants, Plaintiff

14  occupied a non-exempt position as an Assistant Manager.

15      13.    During the liability period, Defendants implemented policies and practices which

16  resulted in Plaintiff and Non Exempt Employees not receiving minimum wage for all hours

17  worked. For instance, Plaintiff received a non-discretionary bonus every two weeks which was

18  not factored into Plaintiff's regular rate. Furthermore, Plaintiff regularly worked overtime hours

19  that were not paid at one and one-half (1 1/2) times his regular rate.

20      14.    During the liability period, due to the work load requirements and time constraints

21  imposed by Defendant during each shift, Plaintiff and Class Members were required to work in

22  excess of five (5) hours without a minimum, uninterrupted thirty (30) minute meal period and

23  were not compensated one (1) hour of pay at their regular rate of compensation for each workday

24  that a compliant meal period was not provided, in violation of California labor laws, regulations

25  and IWC Wage Order.

26      15.    Due to the workload requirements and time constraints imposed by Defendant,

27  Plaintiff and Class Members were frequently required to work without being permitted or

28  authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof.

- 4 -

CLASS COMPLAINT

Notice of Removal

1   Plaintiff and Class Members were not compensated one (1) hour of pay at their regular rate of

2   compensation for each workday that a rest period was not provided, in violation of California

3   labor laws, regulations, and IWC Wage Orders.

4       16.    Defendants have also failed to maintain accurate itemized records reflecting total

5   hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage

6   statements reflecting total hours worked and appropriate rates of pay for those hours worked.

7       17.    Defendants required Plaintiff and Non-Exempt employees to utilize their personal

8   vehicles for business purposes during work hours to perform job-related duties. For instance,

9   Plaintiff was required to drive his personal vehicle to the bank to make deposits on behalf of the

10   business, and to run errands, such as purchasing water for other employees. Plaintiff was not

11   reimbursed with lawful mileage pay for this expense.

12       18.    Upon termination, Plaintiff did not receive his final paycheck upon termination

13   and was not compensated for waiting to receive his final paycheck.

14       19.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15   currently employ and during the relevant period have employed over one hundred (100)

16   employees in the State of California in non-exempt hourly positions.

17       20.    Non-Exempt Employees employed by HENLEY PACIFIC, at all times pertinent

18   hereto, have been non-exempt employees within the meaning of the California Labor Code, and

19   the implementing rules and regulations of the IWC California Wage Orders.

20   **V.**

21   **CLASS ACTION ALLEGATIONS**

22       21.    Plaintiff seeks to represent a Class comprised of and defined as: All employees

23   who are or were employed by HENLEY PACIFIC in the state of California as hourly non-

24   exempt employees within four (4) years prior to the date this lawsuit is filed ("liability period")

25   until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

26       22.    Plaintiff also seeks to represent Subclasses which are composed of persons

27   satisfying the following definitions:

28       a.    All Class Members employed by HENLEY PACIFIC in the state of

Notice of Removal

1  California as hourly non-exempt employees and were not accurately and fully paid all lawful

2  wages owed to them including proper overtime compensation and/or minimum wages for all

3  their hours worked;

4          b.      All Class Members employed by HENLEY PACIFIC in the state of

5  California as hourly non-exempt employees who, within the liability period, have not been

6  provided an uninterrupted 30-minute meal period when they worked over five hours in a work

7  shift and were not provided compensation in lieu thereof;

8          c.      All Class Members employed by HENLEY PACIFIC in the state of

9  California as hourly non-exempt employees who, within the liability period, have not been

10  provided a minimum ten (10) minute rest period for every four (4) hours or major fraction

11  thereof worked per day and were not provided compensation in lieu thereof;

12          d.      All Class Members employed by HENLEY PACIFIC in the state of

13  California as hourly non-exempt employees who, within the liability period, were not provided

14  with accurate and complete itemized wage statements.

15          e.      All Class Members employed by HENLEY PACIFIC in the state of

16  California who, within the liability period, were not timely paid all wages due and owed to them

17  during their employment with Defendant; and

18          f.      All Class Members employed by HENLEY PACIFIC in the state of

19  California who, within the liability period, were not timely paid all wages due and owed to them

20  upon the termination of their employment with Defendant.

21          23.     Plaintiff further seeks to represent a subclass for all employees of HENLEY

22  PACIFIC in the state of California who, within the liability period, did not receive full

23  reimbursement for employee expenses ("Expense Reimbursement Class").

24          24.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend

25  or modify the class description with greater specificity or further division into subclasses or

26  limitation to particular issues.

27          25.     This action has been brought and may properly be maintained as a class action

28  under the provisions of section 382 of the Code of Civil Procedure because there is a well-

CLASS COMPLAINT

Notice of Removal

1   defined community of interest in the litigation and the proposed Class is easily ascertainable.

2       **A. Numerosity**

3       26.    The potential members of the Class as defined are so numerous that joinder of all

4   the members of the Class is impracticable. While the precise number of Class Members has not

5   been determined at this time, Plaintiff is informed and believes that Defendants currently

6   employ, and/or during the relevant time period employed, approximately over 100 Non-Exempt

7   Employees in California who are or have been affected by Defendants' unlawful practices as

8   alleged herein.

9       **B. Commonality**

10      27.    There are questions of law and fact common to the Class predominating over any

11  questions affecting only individual Class Members. These common questions of law and fact

12  include, without limitation:

13          i. Whether Defendants violated Labor Code §§ 510, 1194 and applicable IWC Wage

14              Orders by failing to pay all earned wages including overtime compensation to Non-

15              Exempt Employees who worked in excess of eight (8) hours in a workday and/or more

16              than forty (40) hours in a workweek;

17          ii. Whether Defendants also violated Labor Codes §§ 200, 1194, and 1197 for failing to pay

18              minimum wages for time spent under the Defendants' control;

19          iii. Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order

20              by failing to provide statutorily compliant 30-minute meal periods to Non-Exempt

21              Employees on days in which they worked more than 5 hours and failing to compensate

22              said employees one hour's wages in lieu of meal periods;

23          iv. Whether Defendants violated Labor Code § 226.7 and applicable IWC Wage Orders by

24              failing to authorize and permit minimum 10-minute rest periods to Non-Exempt

25              Employees for every four hours or major fraction thereof worked and failing to

26              compensate said employees one hour's wages in lieu of rest periods;

27

28

CLASS COMPLAINT

Notice of Removal

v. Whether Defendants violated Labor Code § 2802 and applicable IWC Wage Orders for failing to indemnify employees for the expenditures incurred in the performance of their job duties;

vi. Whether Defendants violated Labor Code § 226 and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

vii. Whether Defendant violated Labor Code §§ 201-203 by failing to pay all earned wages and/or premium wages due and owing at the time that any Class Members' employment with Defendant terminated;

viii. Whether Defendant violated section 210 of the Labor Code by failing to pay all earned wages and/or premium wages due and owing when such wages were due and payable;

ix. Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code sections §§ 201, 202, 203, 204, 221, 225, 226, 226.7, 510, 512, 1194, 1199, 2802 and applicable IWC Wage Orders, violation of which constitutes a violation of fundamental public policy;

**C. Typicality**

28.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

29.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

30.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only

- 8 -

CLASS COMPLAINT

Notice of Removal

1  individual members of the Class. Each member of the Class has been damaged and is entitled to

2  recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

3       31.    Class action treatment will allow those similarly situated persons to litigate their

4  claims in the manner that is most efficient and economical for the parties and the judicial system.

5  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

6  action that would preclude its maintenance as a class action.

7                                        **VI.**

8                            **CAUSES OF ACTION**
                           **First Cause of Action**
9            Failure to Pay Lawful Wages Including Overtime and Minimum Wage
                         (Lab. Code §§ 510, 1194, 1199)
10                           (Against All Defendants)

11

12      32.    Plaintiff repeats and incorporates herein by reference each and every allegation

13  set forth above, as though fully set forth herein.

14      33.    During the liability period, Defendants' policies and/or practices resulted in

15  Plaintiff and Non-Exempt Employees working off the clock and in excess of eight (8) hours in a

16  workday and/or forty (40) hours in a workweek without receiving the proper compensation at the

17  rate of time and one-half (1-1/2) of such employee's regular rate of pay.

18      34.    During the liability period, Defendants' policies and/or practices resulted in

19  Plaintiff and Non-Exempt Employees not receiving minimum wages for time spent working off

20  the clock while subject to the control of Defendant all without pay. Labor Code § 1197 provides

21  that employees are to be paid minimum wage for each hour worked.

22      35.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

23  represent have been deprived of compensation for all earned wages including minimum wage

24  and overtime compensation in amounts to be determined at trial, and are entitled to recovery of

25  such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor

26  Code section 1194 .

27      36.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

28  described herein and below.

**Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§ 226.7, 512, IWC Wage Orders)
(Against All Defendants)

37.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

38.     By failing to provide 30-minute uninterrupted meal periods for days on which Non-Exempt employees work(ed) work periods more than 5 hours and failing to provide compensation for such statutorily non-compliant meal periods, Defendant violated the provisions of Labor Code § 512 and applicable IWC Wage Orders.

39.     By failing to record and maintain adequate and accurate time records according to sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff and Class Members.

40.     As a result of the unlawful acts of Defendants, Plaintiff, and the Class he seeks to represent, have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code § 226.7.

41.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§ 226.7, IWC Wage Orders)
(Against All Defendants)

42.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

43.     By failing to provide a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non-Exempt Employees, and failing to provide compensation for such non-compliant rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code § 226.7 and IWC applicable Wage Orders.

- 10 -
CLASS COMPLAINT

Notice of Removal

44. As a result of the unlawful acts of Defendants, Plaintiff, and the Class he seeks to represent, have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code § 226.7.

45. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Fourth Cause of Action**
Failure to Reimburse Employee Expenses
(Lab. Code § 2802)
(Against All Defendants)

46. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

47. By their policy of requiring Plaintiff and the "Expense Reimbursement Class" to utilize their personal vehicles and failing to reimburse Plaintiff and the "Expense Reimbursement Class" for mileage, Defendants willfully violated the provision of Labor Code § 2802 and IWC applicable Wage Orders.

48. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent are entitled to recovery of full amount of expenses incurred plus interest, attorneys' fees, and costs, under Labor Code § 2802.

49. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Fifth Cause of Action**
Failure to Timely Pay Wages During Employment
(Lab. Code § 204)
(Against All Defendants)

50. Labor Code § 204 requires that all wages are due and payable twice in each calendar month. The wages required by Labor Code §§ 226.7, 510, 1194, 1197 and other sections became due and payable to Plaintiff and Class Members in each month that he or she was not paid all lawful wages owed or provided with lawful meal period or rest period to which

- 11 -
CLASS COMPLAINT

Notice of Removal

1    he or she was entitled. Defendants violated Lab. Code § 204 by failing to pay said wages when

2    they were due and payable.

3        51.    Labor Code section 210 (a) provides that "In addition to, and entirely independent

4    and apart from, any other penalty provided in this article, every person who fails to pay the

5    wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205,

6    205.5, and 1197.5, shall be subject to a penalty as follow:

7        (1) For any initial violation, one hundred dollars ($100) for each failure to pay each

8        employee.

9        (2) For each subsequent violation, or any willful or intentional violation, two hundred

10        dollars ($200) for each failure to pay each employee, plus 25 percent of the amount

11        unlawfully withheld.

12        52.    As a result of the unlawful acts of Defendants alleged herein, Plaintiff and the

13    Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and

14    are entitled to recovery of such amounts, plus interest and penalties.

15        53.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

16    described herein and below.

**Sixth Cause of Action**
Failure to Timely Pay Wages Due at Termination
(Lab. Code §§ 201-203)
(Against All Defendants)

20        54.    Plaintiff repeats and incorporates herein by reference each and every allegation

21    set forth above, as though fully set forth herein.

22        55.    Sections 201 and 202 of the California Labor Code require Defendant to pay its

23    employees all wages due within 72 hours of termination of employment. Section 203 of the

24    Labor Code provides that if an employer willfully fails to timely pay such wages the employer

25    must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in

26    full or an action is commenced. The penalty cannot exceed 30 days of wages.

27        56.    As alleged herein, affected class members are entitled to compensation for all

28    forms of wages earned, including, overtime compensation, minimum wage, correct sick pay

- 12 -

CLASS COMPLAINT

Notice of Removal

1   wages and compensation for non-provided rest and meal periods but to date have not received

2   such compensation therefore entitling them Labor Code section 203 penalties.

3       57.    More than 30 days have passed since Plaintiff and affected Class Members have

4   left Defendants' employ, and on information and belief, have not received payment pursuant to

5   Labor Code § 203. As a consequence of Defendant's willful conduct in not paying all earned

6   wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code

7   section 203 for failure to pay legal wages.

8       58.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

9   described herein and below.

**Seventh Cause of Action**
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226(b))
(Against All Defendants)

13      59.    Plaintiff repeats and incorporates herein by reference each and every allegation

14   set forth above, as though fully set forth herein

15      60.    Section 226(a) of the California Labor Code requires Defendants to itemize in

16   wage statements all deductions from payment of wages and to accurately report total hours

17   worked by Plaintiff and the members of the proposed class. IWC Wage Orders require

18   Defendants to maintain time records showing, among others, when the employee begins and

19   ends each work period, meal periods, split shift intervals and total daily hours worked in an

20   itemized wage statement, and must show all deductions and reimbursements from payment of

21   wages, and accurately report total hours worked by Plaintiff and the members of the proposed

22   class. On information and belief, Defendants have failed to record all or some of the items

23   delineated in Industrial Wage Orders and Labor Code § 226.

24      61.    Plaintiff and Class Members have been injured by Defendants' actions by

25   rendering them unaware of the full compensation to which they were entitled under applicable

26   provisions of the California Labor Code and applicable IWC Wage Orders.

27      62.    Pursuant Labor Code § 226, Plaintiff and Class Members are entitled up to a

28   maximum of $4,000.00 each for record-keeping violation.

- 13 -
CLASS COMPLAINT

Notice of Removal

1    63.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

2  described herein and below.

**Eighth Cause of Action**
3
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
4
(Against All Defendants)

5

6    64.    Plaintiff repeats and incorporates herein by reference each and every allegation

7  set forth above, as though fully set forth herein.

8    65.    Business & Professions Code Section 17200 provides:

As used in this chapter, unfair competition shall mean and include any *unlawful*,
9
*unfair* or fraudulent business act or practice and unfair, deceptive, untrue or
10   misleading advertising and any act prohibited by Chapter 1 (commencing with
Section 17500) of Part 3 of Division 7 of the Business and Professions Code.)
11   (Emphasis added.)

12   66.    Defendant's violations of the Labor Code and Wage Order provisions set forth

13  above constitute unlawful and/or unfair business acts or practices.

14   67.    The actions of Defendant, as alleged within this Complaint, constitute false,

15  fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of

16  Business and Professions Code section 17200, *et seq*.

17   68.    Plaintiff and Class Members have been personally aggrieved by Defendant's

18  unlawful and unfair business acts and practices alleged herein.

19   69.    As a direct and proximate result of the unfair business practices of Defendant, and

20  each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled

21  to restitution of all wages which have been unlawfully withheld from Plaintiff and members of

22  the Plaintiff Class as a result of the business acts and practices described herein.

23   70.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

24  described herein and below.

25                              **VII.**

26                            **PRAYER**

27  WHEREFORE, Plaintiff prays for judgment as follows:

28   1.  That the Court determine that this action may be maintained as a class action;

- 14 -

CLASS COMPLAINT

1     2. For compensatory damages in an amount according to proof with interest thereon;

2     3. For economic and/or special damages in an amount according to proof with interest

3        thereon;

4     4. For premium wages pursuant to Labor Code §§ 226.7 and 512;

5     5. For premium pay and penalties pursuant to Labor Code § 203;

6     6. For attorneys' fees, interests and costs of suit under Labor Code §§ 226, 1194, 2802;

7     7. For such other and further relief as the Court deems just and proper.

8

9                  **DEMAND FOR JURY TRIAL**

10     Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

11

12  **Dated: March 16, 2022**          **JAMES HAWKINS, APLC**

13

14

15                  James R. Hawkins, Esq.

                  Isandra Y. Fernandez, Esq.

16                  Kacey E. Cook, Esq.

                  Attorneys for Plaintiff

17                  Javier Mora

18

19

20

21

22

23

24

25

26

27

28

CLASS COMPLAINT

Notice of Removal

# EXHIBIT  B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

<u>HENLEY PACIFIC LLC, a Delaware corporation;</u> and DOES 1 through
50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAVIER MORA on behalf of himself and all others similarly situated

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Merced Superior Court
3/16/2022 2:25 PM
Amanda Toste
Clerk of the Superior Court
By: Nengsy Moua, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Merced Superior Court

627 W. 21st St.
Merced, CA 95340

</td><td>

CASE NUMBER:
*(Número del Caso):* **22CV-00809**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; Tel: (949)387-7200

DATE: 3/16/2022 2:25 PM        Amanda Toste        Clerk, by _____, Deputy
*(Fecha)*                                                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* HENLEY PACIFIC LLC, a Delaware corporation

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Notice of Removal

This e-copy is the official court record (GC68150)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MERCED<br>627 W. 21st Street<br>Merced CA 95340<br>209-725-4100 | Reserved for Clerk's File Stamp<br><br>FILED   MAR 2 6 2022<br>MERCED SUPERIOR COURT<br>By: *Nengsy Moua* Deputy |
|---|---|
| Javier Mora<br>vs<br>Henley Pacific, LLC | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | Case No. 22CV-00809 |

**To All Parties and their Attorneys of Record:**

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program. Local Rule 4 will hereafter apply to this action. You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.714(b)(1), 3.720-3.735.

**Please note: Local Rules and ADR Packet may be reviewed on-line at www.merced.courts.ca.gov.**

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Local Rule 4(B)(1)(a), for:

**November 14, 2022 at 10:00 AM in Courtroom 8**

**Located at 627 West 21st Street Merced, CA 95340**

**Honorable Judge Brian McCabe, presiding.**

**Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.**

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC. CourtCall, LLC may be reached at (888) 882-6878. Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC. A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A **CMC Statement** shall be filed with the Court no later than **15 days** prior to the date set for the **CMC**. Parties shall use **Judicial Council form CM-110** (CRC 3.725). This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

Isandra Fernandez
9880 Research Drive Suite 200
Irvine CA 92618

Date: 3/26/2022                 Amanda Toste, Court Executive Officer

                                *Nengsy Moua*

Nengsy Moua              By: _____
Printed Name                      Deputy Clerk

This e-copy is the official court record (GC68150).          Notice of Removal

This e-copy is the official court record (GC68150).

MERCED COUNTY

2022 MAR 29 PM 4:33

CLERK OF THE SUPERIOR COURT

BY_____ DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MERCED

| | |
|---|---|
| JAVIER MORA | Case No.: 22CV-00809 |
| Plaintiffs, | ORDER: ASSIGNMENT FOR ALL PURPOSES |
| v. | |
| HENLEY PACIFIC, LLC. | |
| Defendants, | |

The court hereby assigns the within matter to the Honorable Brian McCabe for all purposes. The clerk of the court is ordered to tag the file to reflect this order

DATED: March 29, 2022

_____
MARK V. BACCIARINI
JUDGE OF THE SUPERIOR COURT

- 1 -
ORDER:
ASSIGNMENT FOR ALL PURPOSES

Notice of Removal

This e-copy is the official court record (GC68150).

## PROOF OF SERVICE BY MAIL
### (1013a, 2015.5 C.C.P)

STATE OF CALIFORNIA          )
                             )
COUNTY OF MERCED             )          Case No. 22CV-00809

     I am a citizen of the United States; I am over the age of eighteen years and not a party to the within entitled action; my business address is Merced County Superior Court, 627 West 21st Street, Merced, California 95340.

     On March 29, 2022, I served the within **ORDER: ASSIGNMENT FOR ALL PURPOSES,** on the person(s) named below and then placing a true copy thereof in an envelope and then placing in the Merced County Superior Court/Clerk's outgoing mail addressed as follows:

James Hawkins
**James Hawkins APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on **March 29, 2022,** at Merced, California.

                        Parvir Singh, Declarant

CM-010

This e-copy is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James Hawkins (SBN 192925)<br>Isandra Fernandez (SBN 220482); Kacey E. Cook (SBN 337905)<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200, Irvine, CA 92618<br>TELEPHONE NO.: (949) 387-7200   FAX NO.: (949) 387-6676<br>ATTORNEY FOR *(Name):* Javier Mora | ELECTRONICALLY FILED<br>Merced Superior Court<br>3/16/2022 2:25 PM<br>Amanda Toste<br>Clerk of the Superior Court<br>By: Nengsy Moua, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS:
CITY AND ZIP CODE: Merced, 95340
BRANCH NAME:

CASE NAME:
Mora v. Henley Pacific LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV-00809 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* 8

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 16, 2022
Kacey E. Cook, Esq.
_____
(TYPE OR PRINT NAME)      ▶      _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Notice of Removal

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Notice of Removal

# EXHIBIT C

1  Amy Todd-Gher, Bar No. 208581
   atodd-gher@littler.com
2  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
3  San Diego, California 92101.3577
   Telephone:    619.232.0441
4  Fax No.:       619.232.4302

5  Attorneys for Defendant
   HENLEY PACIFIC LLC
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF MERCED

10

11  JAVIER MORA on behalf of himself and all      Case No.  22CV-00809
    other similarly situated,
12                                                 ASSIGNED FOR ALL PURPOSES TO
                    Plaintiff,                     JUDGE BRIAN McCABE, DEPT. 8
13
            v.                                     **HENLEY PACIFIC LLC'S ANSWER TO
14                                                 CLASS ACTION COMPLAINT**
    HENLEY PACIFIC LLC, a Delaware
15  corporation; and DOES 1 through 50, inclusive, Trial Date: TBD
                                                   Complaint Filed:   March 16, 2022
16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendant HENLEY PACIFIC LLC ("Defendant") hereby files and serves its Answer to the

2    Class Complaint ("Complaint") of Plaintiff JAVIER MORA ("Plaintiff").

3                                    **GENERAL DENIAL**

4    Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant generally

5    denies each and every allegation contained in Plaintiff's Complaint. Defendant further denies that

6    Plaintiff or any of the putative class members Plaintiff seeks to represent have sustained or will sustain

7    any loss or damage in any manner or amount whatsoever because of any act or omission on the part

8    of Defendant.

9                                **AFFIRMATIVE DEFENSES**

10    Defendant asserts the following separate and distinct Affirmative Defenses. By labeling these

11    defenses as "Affirmative Defenses," Defendant in no way concedes that it bears any burden of proof

12    on any issue that Defendant would not otherwise bear under controlling law. Defendant expressly

13    reserves the right to raise arguments concerning the proper allocation of the burden of proof as to all

14    claims and defenses.  Defendant also reserves the right to amend this Answer should it later discover

15    facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a

16    change in the law support the inclusion of new and/or additional affirmative defenses.

17                            **FIRST AFFIRMATIVE DEFENSE**

18                              **(Failure to State a Cause of Action)**

19    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, fails

20    to state facts sufficient to constitute a cause of action upon which relief can be granted.

21                          **SECOND AFFIRMATIVE DEFENSE**

22                                  **(Arbitration Agreement)**

23    Defendant alleges that this Court lacks subject matter jurisdiction over Plaintiff's claims,

24    and/or any of the other putative class members' claims to the extent they have agreed to submit their

25    claims to arbitration and to the extent arbitration is permitted by California law.

26    / / /

27    / / /

28    / / /

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant alleges that some or all of the purported causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the applicable statute of limitations, including Code of Civil Procedure sections 338, 340(a), and 343, California Business and Professions Code section 17208.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred to the extent Plaintiff lacks standing to sue, to seek injunctive relief, and/or to bring claims for any civil penalties on behalf of others.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver, Laches, Unclean Hands, Avoidable Consequences)**

Defendant alleges that some or all of the purported causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unclean hands, and avoidable consequences, including to the extent that Plaintiff and/or the putative class members failed to inform Defendant of any alleged business expenses.

**SIXTH AFFIRMATIVE DEFENSE**

**(Business Judgment)**

Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred, because at all times, all conduct and actions taken with regard to Plaintiff and/or the putative class members were just, fair, honest, in good faith, privileged, without retaliation, and/or based on legitimate business reasons (including the good faith exercise of business judgment), and based upon all relevant facts and circumstances known by Defendant at the time of the conduct or action.

/ / /

/ / /

/ / /

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

Defendant alleges that some or all of the violations alleged in Plaintiff's Complaint are barred because there is no private right of action to assert them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

Defendant alleges that some or all of the purported causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, to the extent Plaintiff and/or the putative class members failed to properly exhaust their internal, administrative and/or statutorily required remedies prior to filing suit.

## NINTH AFFIRMATIVE DEFENSE

### (Obligations Satisfied)

Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred to the extent that any monies owed to Plaintiff and/or any of the other putative class members have been paid in full, and any obligations it may have owed to Plaintiff and/or any of the putative class members have been otherwise satisfied in full.

## TENTH AFFIRMATIVE DEFENSE

### (Breach of Duty)

Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred, in whole or in part, by Plaintiff's and/or any of the other putative class members' own breaches of duty owed to Defendant under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and 2859.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Defendant Did Not Act Willfully, Knowingly, or Intentionally)

Defendant alleges that, to the extent that Plaintiff seek to recover statutory penalties, such recovery is barred or must be limited because any failure was not knowing, intentional, willful, and/or was not brought to the attention of Defendant's appropriate representatives.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWELFTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred on the grounds that some or all of the expenses purportedly owed to Plaintiff and/or the putative class members, and which they seek to recover, is not compensable pursuant to the *de minimis* doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata* and/or Collateral Estoppel)

Defendant alleges that Plaintiff's claims and/or those of any of the other putative class members are barred, in whole or in part, on the grounds of *res judicata* and/or collateral estoppel, to the extent the issues and/or claims set forth in Plaintiff's Complaint have already been determined.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Defendant alleges that, to the extent Plaintiff and/or any of the putative class members released Defendant from any liability as alleged in the Complaint, their claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Defendant alleges that, to the extent it acquires any evidence of wrongdoing by Plaintiff and/or any of the putative class members that would have materially affected the terms and conditions of their employment, such after-acquired evidence may bar and/or limit their claims for damages or penalties.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (UCL - Adequate Remedy at Law)

Defendant alleges that Plaintiff's claims predicated on California Business and Professions Code section 17200 *et seq.* are barred because Plaintiff and/or the other putative class members have an adequate remedy at law.

/ / /

/ / /

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (UCL - Unconstitutional as Applied)

3       Defendant alleges that Plaintiff's prosecution of this action as representatives of the general

4   public under California Business and Professions Code section 17200 *et seq.*, as applied to the facts

5   and circumstances of this case, would constitute a denial of Defendant's substantive and procedural

6   due process rights under the Fourteenth Amendment of the United States Constitution and under the

7   California Constitution.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9

### (Multiple Penalties Violate Due Process Rights)

10      Defendant alleges that, to the extent multiple penalties are sought for the same alleged

11  violations, such claims are barred by the prohibition on double recovery and would violate Defendant's

12  due process rights under the Fourteenth Amendment of the United States Constitution and under the

13  Constitution and laws of the State of California.

14

## NINETEENTH AFFIRMATIVE DEFENSE

15

### (Failure to State a Claim for Recovery of Consequential Damages)

16      Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, fails

17  to state a claim for recovery of consequential damages based upon wages due and owing, restitution,

18  disgorgement, or any other basis.

19

## TWENTIETH AFFIRMATIVE DEFENSE

20

### (Avoidable Consequences - Failure to Mitigate)

21      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in

22  part, by the doctrine of avoidable consequences because Plaintiff and/or the alleged putative class

23  members could have taken reasonable steps to avoid or mitigate the statutory violations alleged in the

24  Complaint.

25  / / /

26  / / /

27  / / /

28  / / /

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Failure to Exercise Reasonable Care)

3      Plaintiff and/or the alleged the putative class members failed to exercise reasonable care, such

4  as by reporting any unpaid wages, reporting any off-the-clock work, timely reporting any inability to

5  take a meal or rest break and or failing to report business expenses.

6

### TWENTY-SECOND AFFIRMATIVE DEFENSE

7

### (Meal Period Waiver)

8      Plaintiff and/or the alleged the putative class members waived meal periods for shifts lasting

9  six or fewer hours and shifts greater than ten hours but not exceeding twelve hours.

10

### TWENTY-THIRD AFFIRMATIVE DEFENSE

11

### (Secretive Work)

12      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in

13  part, because if Plaintiff and/or the alleged putative class members worked hours that were not paid,

14  such work was not authorized or permitted by Defendant, and Defendant neither knew nor should have

15  known of any such unreported time spent working.

16

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

### (Substantial Compliance)

18      Defendant has substantially complied with all statutory obligations alleged in the Complaint

19  and, therefore, imposition of civil penalties under the California Labor Code would be improper.

20

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

21

### (Unjust, Oppressive and Confiscatory Penalties)

22      Any penalties awarded against Defendant pursuant to the California Labor Code would be

23  unjust, oppressive, and/or confiscatory.

24

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

25

### (Not Hours Worked)

26      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in

27  part, because the time alleged by Plaintiff and/or the alleged putative class members does not constitute

28  "hours worked" within the meaning of state or federal law.

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Meal/Rest Periods – Failure to Follow Instruction)

3        Civil penalties pursuant Labor Code section 558 predicated on Labor Code sections 226.7 and

4    512 are inappropriate because, to the extent, if any, that Plaintiff and/or the alleged putative class

5    members did not take meal periods or rest breaks, it was the result of their failure to follow Defendant's

6    reasonable instructions.

7

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8

### (Meal/Rest Periods – Provided)

9        Any meal or rest period claims fail, in whole or in part, because Plaintiff and/or the alleged

10    putative class members were provided with and/or authorized and permitted to take all legally required

11    meal and/or rest periods.

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE

13

### (Meal/Rest Periods – Voluntarily Skipped)

14        Any meal or rest period claims fail, in whole or in part, because Plaintiff and/or the alleged

15    putative class members voluntarily skipped or waived meal and/or rest breaks.

16

## THIRTIETH AFFIRMATIVE DEFENSE

17

### (Failure to Reimburse Business Expenses – Not Reasonably Necessary or Required)

18        Any claims for civil penalties pursuant to Labor Code section 2802 are barred, in whole or in

19    part, because the expenses claimed were not reasonably necessary/required for job and/or were not

20    incurred in direct consequence of the discharge of their duties.

21

## THIRTY-FIRST AFFIRMATIVE DEFENSE

22

### (Payment of Final Wages – Good Faith Dispute)

23        Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part,

24    because a good faith dispute exists over whether wages are owed.

25

## THIRTY-SECOND AFFIRMATIVE DEFENSE

26

### (Payment of Final Wages – Not Willful)

27        Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part,

28    because any failure to pay waiting time penalties was not intentional or willful.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Wage Statements – Not Knowing and Intentional)**

Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff, and/or the alleged putative class members were not "injured" thereby and/or because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Wage Statements – Good Faith Belief)**

Defendant acted with a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including sections 226, 226.3, and 226.7 thereof, as to Plaintiff and/or the putative class members.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Class Action – Certification Prerequisites)**

Plaintiff's claims are barred, in whole or in part, because: (a) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (b) Plaintiff's claims are not representative or typical of the claims of the putative class; (c) Plaintiff and his counsel are not adequate representatives for the alleged putative class; and/or (d) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and/or the alleged putative class members does not exist.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action – Lack of Manageability)**

Plaintiff and/or the alleged putative class members claims are barred, in whole or in part, because the difficulties likely to be encountered render this action as unmanageable.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action – Lack of Numerosity)**

The alleged putative class members that Plaintiff seeks to represent are not so numerous that joinder is impossible.

/ / /

1    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

2    **(Class Action – Lack of Superiority)**

3    Plaintiff has not shown and cannot show that class treatment of the causes of action alleged in

4    the Complaint is superior to other methods of adjudicating the controversy.

5    **THIRTY-NINTH AFFIRMATIVE DEFENSE**

6    **(Class Action – No Damages)**

7    Certification of a class and/or allowing the action to proceed with Plaintiff as a representative

8    would constitute a denial of Defendant's substantive and procedural due process rights in violation of

9    the Fourteenth Amendment to the United States Constitution and the California Constitution and/or a

10    denial of Defendant's equal protection.

11    **FORTIETH AFFIRMATIVE DEFENSE**i

12    **(Lack of Subject Matter Jurisdiction – Binding Arbitration)**

13    As a separate and distinct affirmative defense, Defendant alleges that the Court lacks subject

14    matter jurisdiction over Plaintiff's Complaint and each purported cause of action therein as Plaintiff

15    is subject to an agreement requiring that he submit his claims against Defendant to binding

16    arbitration.  Defendant, by answering the Complaint, does not waive its right to demand arbitration.

17    **FORTY-FIRST AFFIRMATIVE DEFENSE**

18    **(Arbitration)**

19    As a separate and distinct affirmative defense, Defendant alleges the Complaint and every

20    alleged cause of action therein is barred on grounds that there exists a written agreement between

21    Plaintiff, on the one hand, and Defendant, on the other, to submit any and all employment-related

22    claims to final and binding arbitration and that each and every cause of action alleged in the Complaint

23    is subject to final and binding arbitration in accordance with the terms of said written agreement.

24    **FORTY-SECOND AFFIRMATIVE DEFENSE**i

25    **(Arbitration)**

26    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to comply

27    with his contractual duty to submit his claims to arbitration, and as such, his claims should be stayed

28    and/or dismissed in their entirety.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FORTY-THIRD AFFIRMATIVE DEFENSE i

### (Preemption)

As a separate and distinct affirmative defense, Defendant alleges the Complaint cannot be filed and litigated in court or before a jury on grounds that all claims pled in the Complaint are covered by an applicable arbitration agreement between the Parties governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"), and that the FAA preempts state law that treats arbitration agreements on unequal footing as other contracts and discriminates against arbitration.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

## RESERVATION OF RIGHTS TO ADDITIONAL AFFIRMATIVE DEFENSES

Defendant alleges that because Plaintiff's Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional defenses, if and to the extent that such defenses are applicable.  In addition, Defendant hereby reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101-3577
619.232.0441

11

1

**PRAYER FOR RELIEF**

2     WHEREFORE, Defendant prays that the Court:

3     1.     Enter judgment in Defendant's favor as to every claim alleged in the Complaint;

4     2.     Dismiss the Complaint with prejudice and award Plaintiff and the alleged putative class

5 members nothing by way of the Complaint;

6     3.     Award Defendant all recoverable costs associated with the defense of this action;

7     4.     Award Defendant its reasonable attorneys' fees associated with the defense of this

8 action; and

9     5.     Award Defendant such other relief as the Court deems just and proper under the

10 circumstances.

11

12
Dated: May 11, 2022

13
_____

14
Amy Todd-Gher
LITTLER MENDELSON, P.C.

15
Attorneys for Defendant
HENLEY PACIFIC LLC

16     4890-4566-9150.1 / 091228-1039

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| NAME Amy Todd-Gher, CSB # 208581 | |
| FIRM NAME: Littler Mendelson, P.C. | |
| STREET ADDRESS: 501 W. Broadway, Suite 900 | |
| CITY: San Diego    STATE: CA    ZIP CODE: 92101 | |
| TELEPHONE NO.: 619-232-0441    FAX NO.: 619-232-4302 | |
| E-MAIL ADDRESS: Atodd-gher@littler.com | |
| ATTORNEY FOR (name): Henley Pacific LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
STREET ADDRESS: 6727 West 21st Street
MAILING ADDRESS:
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME:

| Plaintiff/Petitioner:    Javier Mora, on behalf of himself and all other similarly<br>Defendant/Respondent:  Henley Pacific LLC, a Delaware corporation; and<br>                        DOES 1 through 50, inclusive | CASE NUMBER:<br>22CV-00809 |
|---|---|
| | JUDICIAL OFFICER:<br>Brian McCabe |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>8 |

1. I am at least 18 years old.

   a.  My residence or business address is *(specify):*
501 West Broadway, Suite 900, San Diego, CA 92101

   b.  My electronic service address is *(specify):*
lchristy@littler.com

2. I electronically served the following documents *(exact titles):*

**HENLEY PACIFIC LLC'S ANSWER TO CLASS ACTION COMPLAINT**

   ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a.  Name of person served: James R. Hawkins, Esq. and Kacey E. Cook, Esq.

      On behalf of *(name or names of parties represented, if person served is an attorney):*
Attorneys for Plaintiff Javier Mora

   b.  Electronic service address of person served *:*
James@jameshawkinsaplc.com; kacey@jameshawkinsaplc.com

   c.  On *(date):* May 11, 2022

   ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
*(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: May 11, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lori Christy
_____
(TYPE OR PRINT NAME OF DECLARANT)        ▶        *Lori Christy*
                                                 _____
                                                 (SIGNATURE OF DECLARANT)

Page 1 of 3

| Form Approved for Optional Use | **PROOF OF ELECTRONIC SERVICE** | Cal. Rules of Court, rule 2.251 |
|---|---|---|
| Judicial Council of California | **(Proof of Service/Electronic Filing and Service)** | www.courts.ca.gov |
| POS-050/EFS-050 [Rev. February 1, 2017] | | |



POS-050(D)/EFS-050(D)

| CASE NAME:<br>Javier Mora v. Henley Pacific LLC | CASE NUMBER:<br>22CV-00809 |
|---|---|

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (DOCUMENTS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**The documents that were served are as follows (*describe each document specifically*):**

|  |
|---|
| **HENLEY PACIFIC LLC'S ANSWER TO CLASS ACTION COMPLAINT** |

|  |
|---|
|  |

|  |
|---|
|  |

|  |
|---|
|  |

|  |
|---|
|  |

|  |
|---|
|  |

|  |
|---|
|  |

|  |
|---|
|  |

|  |
|---|
|  |

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

Notice of Removal, Inc.
www.FormsWorkFlow.com



POS-050(P)/EFS-050(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Javier Mora v. Henley Pacific LLC | 22CV-00809 |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Electronic Service Address** | **Date of Electronic Service** |
|---|---|---|
| James R. Hawkins, Esq.<br>Isandra Fernandez, Esq.<br>Kacey E. Cook, Esq.<br><br>Attorneys for Plaintiff | JAMES HAWKINS APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>TEL: (949) 387-7200<br>FAX: (949) 387-6676<br>James@jameshawkinsaplc.com;<br>kacey@jameshawkinsaplc.com | Date: May 11, 2022 |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | |

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

Notice of Removal

www.FormsWorkFlow.com